UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10926-ADB

VINCENT WADLINGTON,
Petitioner,

v.

LISA MITCHELL,
Respondent.

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, this habeas action is <u>DISMISSED</u> and the clerk is <u>DIRECTED</u> to docket this Memorandum and Order and the habeas petition in <u>Wadlington v. Mitchell,</u> Civil Action No. 15-10468-DJC as an "amended petition."

I. **Background**

On May 19, 2016, petitioner Vincent Wadlington ("Wadlington"), a prisoner at the Souza Baranowski Correctional Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging, *inter alia*, his murder conviction for which he received a sentence of life without parole. The case initially was assigned to Magistrate Judge Cabell, however, the case was randomly reassigned to this Court after Magistrate Judge Cabell issued an Order for Recusal (Docket No. 5).

II. **Discussion**

Upon review of the petition, it appears that Wadlington had intended his filing to be an "amended petition" in accordance with Judge Casper's Order in <u>Wadlington v. Mitchell</u>, Civil

1

Action No. 15-10468-DJC.   See Petition (Docket No. 1 at ¶ 14, p. 19).   In that action, Judge Casper entered an Order (Docket No. 19) directing Wadlington to file a more definite statement in the form of a new petition with respect to Claims 2-7, and 9-10, by identifying the federal grounds for relief for each claim and the supporting facts.   He could also choose to reinstate claims 1 and 8 in the new petition, which was due on December 28, 2015.

On January 25, 2016, Judge Casper entered an Order (Docket No. 20) dismissing Wadlington's habeas petition for failure to file an amended petition as directed.   It appeared, however, that Wadlington had filed a request for an extension of time, along with other motions. In light of this, on January 28, 2016, a docket entry was made for the motions to be placed on the docket and the action to be reopened.   See Docket No. 21.   Thereafter, on April 1, 2016, Judge Casper entered a further Order (Docket No. 28) in which she afforded Wadlington until April 29, 2016 to comply with the September 24, 2015 Order (Docket No. 19) to file a new petition.

In light of the above, the Court presumes the opening of the instant action to be in error. Accordingly, in order to ensure proper case management, this action is <u>DISMISSED</u> without prejudice in its entirety.   The clerk is <u>DIRECTED</u> to docket this Memorandum and Order and the habeas petition in this action in <u>Wadlington v. Mitchell</u>, Civil Action No. 15-10468-DJC. The habeas petition shall be docketed as an "amended petition" in accordance with Judge Casper's directives.   This Court takes no action with respect to the timeliness of the amended petition.   Finally, for the reasons set forth herein, no filing fee is required in this case.

**IV.   Conclusion**

For the reasons stated above it is hereby Ordered that:

1. This action is <u>DISMISSED</u> in its entirety without prejudice; and

2.    The clerk is <u>DIRECTED</u> to docket this Memorandum and Order and the habeas petition in this action in <u>Wadlington v. Mitchell</u>, Civil Action No. 15-10468-DJC.   The habeas petition shall be docketed as an amended petition pursuant to Judge Casper's directives.

SO ORDERED.

<u>May 24, 2016</u>                                                  <u>/s/ Allison D. Burroughs            </u>
DATE                                                             ALLISON D. BURROUGHS
                                                                 UNITED STATES DISTRICT JUDGE